WELSH, Ex parte. See Case No. 351.

WELSH (BLYDENBURGH v.). See Case No. 1.583.

WELSH (CAFIERO v.). See Case No. 2,286.

WELSH (The JULIET C. CLARK v.). See Case No. 7,580.

## Case No. 17,408.

### WELSH v. LINDO.

[1 Cranch, C. C. 497.][1]

Circuit Court, District of Columbia. July Term, 1808.

EVIDENCE—PRIOR JUDGMENT—PROMISSORY NOTE.

In an action against an indorser of a promissory note, a record of a judgment upon the same note between other parties cannot be given in evidence, unless the note itself be produced, and the defendant's indorsement proved.

Assumpsit against the defendant as indorser of a promissory note made by Kerchival to Lindo, who assigned it to Welsh, "without recourse," who assigned it to Hodgsett.

E. J. Lee, for plaintiff, offered no evidence but a transcript of a record of a suit between Hodgsett and Kerchival, upon the note described in the declaration, in which suit the defendant pleaded payment to Lindo, and obtained a verdict on that issue.

Mr. Swann objected—That the record was not evidence in this cause, unless the plaintiff satisfied the jury, by other evidence, that the defendant assigned the note to the plaintiff. The note should be produced, and the handwriting of the defendant proved.

E. J. Lee, contrà. The note is filed in the court of Woodford county in Kentucky, at a greater distance than one hundred miles. The plaintiff cannot have a subpœna duces tecum. He cannot obtain the note. Hodgsett and Welsh both claimed under Lindo. A verdict is evidence, if it concern the same point, though not between the same parties. It is the best evidence in the power of the plaintiff.

Mr. Swann, in reply. Upon application to the court in Kentucky, it is probable they would have suffered the original note to be taken out. Nothing appears to the contrary. Until the assignment of Lindo is proved, it does not appear that Lindo was privy to Welsh, or to either of the other parties.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (DUCKETT, Circuit Judge, absent) instructed the jury that the record is not evidence until the assignment from Lindo to the plaintiff be first proved otherwise than by the record. A juror was withdrawn by consent, and the cause continued at the costs of the plaintiff.

[On a subsequent trial a verdict was rendered for defendant. The cause was then carried by writ of error to the supreme court, where the judgment of the circuit court was affirmed. 7 Cranch (11 U. S.) 159.]

[See Case No. 17,409.]